IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HILLARY A. KACIAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:12-102 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| PATRICK R. DONAHOE, *in his Official Capacity as the Postmaster General of the United States Postal Service*, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

### I.  Introduction

Plaintiff Hillary A. Kacian brings this Title VII action against Defendant Patrick Donahoe in his official capacity as Postmaster General of the United States Postal Service. Pending before the Court is a motion for summary judgment (ECF No. 25), wherein Defendant asserts that Kacian is barred from filing suit in district court because she did not exhaust her available administrative remedies. Having considered the submissions of the parties and the applicable law, and for the reasons stated below, the Court will deny Defendant's motion for summary judgment.

### II.  Jurisdiction

The Court exercises subject matter jurisdiction under 28 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to the claims occurred in this judicial district.

**III.     Background**

The United States Postal Service (USPS) employed Kacian as a city carrier beginning in March 2008. (ECF No. 28-1 at 8). Kacian claims that, between the summer of 2010 and July 2011, she was sexually harassed by her immediate supervisor George LaRue. (Compl. ¶¶ 9, 27). She allegedly reported this harassment to another supervisor on or about July 14, 2011. (*Id.* ¶ 28).

On July 19, 2011, two of Kacian's supervisors—George LaRue and Cheryl Cernetich—observed Kacian while she was driving her postal vehicle and delivering mail. (ECF No. 27 ¶ 4). Supervisor LaRue then filed an "Observation of Driving Practices" form, indicating that Kacian had committed two safety violations by (1) crossing an intersection with the driver's side door open and (2) driving without a seatbelt. (ECF No. 28-1 at 10). Kacian was fired two days later. (*Id.* at 12).

The day after Kacian received her notice of termination, she contacted an EEO counselor. (ECF No. 27 ¶ 8). Kacian told the EEO counselor that she had informed USPS management about the sexual harassment and that she was thereafter "terminated from the Postal Service." (ECF No. 28-3 at 15). These allegations now form the basis of Kacian's retaliation claim under Title VII of the Civil Rights Act of 1964.[1]

Without the assistance of counsel, Kacian began the EEO counseling process. On August 24, 2011, Kacian and the USPS executed a settlement agreement in which USPS officials agreed to participate in group discussions about sexual harassment in the

---

[1] The complaint included a second count for hostile work environment, but that claim is no longer before the Court. (ECF No. 19).

2

workplace; in exchange, Kacian agreed to waive any legal claims against the USPS. (ECF No. 28-2 at 8–11).

Kacian later hired an attorney and tried to rescind the settlement because she did not believe USPS agents had taken the terms of the agreement seriously. In a letter to the USPS's EEO Field Operations Office, Kacian stated that she wanted to "rescind the agreement and continue the [EEO] investigation." (ECF No. 28-2 at 13). On October 14, 2011, the USPS's EEO Compliance and Appeals Office issued a final agency decision, declining to reopen the investigation. (ECF No. 28-3 at 3). Kacian appealed this decision to the Equal Employment Opportunity Commission (EEOC).

On March 21, 2012, the EEOC reversed the agency's decision, finding that the settlement was void for lack of consideration. (ECF No. 28-3 at 7). In its written decision, the EEOC concluded that "the EEO complaint underlying the settlement agreement" must be reinstated. The decision also stated:

> This is a decision requiring the Agency to continue its administrative processing of your complaint. However, if you wish to file a civil action, you have the right to file such action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.

(*Id.* at 9) (emphasis in original).

In a letter dated March 29, 2012, the USPS's EEO Dispute Resolution Office acknowledged that the settlement agreement had been vacated. The letter also notified Kacian that her "pre-complaint" was reinstated for further EEO processing. (ECF No. 27 ¶ 16). Instead of continuing with the administrative process, Kacian filed suit on May 16,

3

2012. (ECF No. 1). The USPS's EEO Field Operations Office then sent Kacian a letter on or about June 5, 2012, stating in part:

> At this time there is no resolution to your counseling request. You have two options available to you. You can do nothing at which point your inquiry will expire and no further action will be taken on your counseling request or you can elect to file a formal complaint.

(ECF No. 28-3 at 16).

Defendant now moves for summary judgment on the ground that Kacian did not exhaust her administrative remedies. (ECF No. 26). Specifically, Defendant argues that Kacian did not file a formal EEO complaint, as required before filing suit in federal district court. (*Id.* at 5). In response, Kacian argues that the administrative procedures have been exhausted because the EEOC issued what can be considered a "right to sue letter." (ECF No. 31 at 6). Alternatively, Kacian argues that the Court should exercise its discretion in excusing the exhaustion requirements. (*Id.* at 7).

IV. **Standard of Review**

Summary judgment should be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Issues of fact are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Material facts are those affecting the outcome of trial. *Id.* at 248. The court's role is "not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party." *Am. Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581

(3d Cir. 2009). "In making this determination, a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000) (internal citation and quotation omitted).

The moving party must initially demonstrate the absence of any genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must go beyond the pleadings, using affidavits, depositions, admissions, or answers to interrogatories to show genuine issues of material fact for trial. *Id.* at 324. The nonmoving party cannot defeat a well-supported motion for summary judgment by simply reasserting unsupported factual allegations contained in the pleadings. *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989).

### V. Discussion

For purposes of this decision, there are no disputes of material fact. Instead, the Court is tasked with determining whether Kacian has exhausted her administrative remedies. Even if she has not exhausted her remedies, the Court must consider whether equity favors an excusal of the exhaustion requirements under the circumstances.

#### A. Administrative exhaustion under Title VII

Administrative exhaustion is a "basic tenet" of administrative law. *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). The main objectives of administrative exhaustion are to "promote administrative efficiency, respect executive autonomy . . ., provide courts with the benefit of an agency's expertise, and serve judicial economy." *Id.*

5

(internal citations and quotations omitted). Generally, a plaintiff under Title VII must exhaust administrative remedies before seeking judicial relief. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001).

The applicable administrative scheme is provided in the EEOC's regulations. First, a federal employee who believes he or she has been discriminated against must contact an EEO counselor within 45 days of the alleged discriminatory act. 29 C.F.R. § 1614.105(a)(1) (2014). If an agency offers an ADR program, the employee may take part in that program. *Id.* § 1614.105(b)(2). If the matter is not resolved, the EEO counselor must inform the employee of the right to file a complaint. *Id.* §§ 1614.105(d) and (f). According to 29 C.F.R. § 1614.106(c), a "complaint"

> must contain a signed statement from the person claiming to be aggrieved or that person's attorney. This statement must be sufficiently precise to identify the aggrieved individual and the agency and to describe generally the action(s) or practice(s) that form the basis of the complaint. The complaint must also contain a telephone number and address where the complainant or the representative can be contacted.

After a complaint is filed, the EEO must complete its investigation within 180 days and provide a full investigative file to the employee. *Id.* § 1614.108(f). The employee then has 30 days to request either a hearing before an EEOC administrative judge or an immediate final agency decision. *Id*. If the employee receives an adverse decision, he or she can either appeal to the EEOC or seek judicial review. 42 U.S.C. § 2000e-16(c).

In this case, Kacian met with an EEO counselor the day after she was fired. The parties participated in an ADR program and agreed on a settlement. But Kacian later tried to rescind this agreement. The agency refused to reinstate the EEO process, and

6

Kacian appealed to the EEOC.  The EEOC found that the settlement agreement was unenforceable and gave Kacian two options:  (1) continue the EEO administrative process or (2) pursue the matter in court.  Kacian chose the latter option.

Based on these circumstances, it is unclear whether Kacian has exhausted her administrative remedies.  It is doubtful that Kacian filed a formal "complaint" as that term is used in the EEOC regulations, but the EEOC's written decision includes repeated references to Kacian's underlying "EEO complaint."  (ECF No. 28-3 at 8).  It is thus reasonable to conclude that the EEOC deemed Kacian's written request to rescind the settlement agreement as a formal complaint;[2] technically, however, Defendant appears correct in arguing that Kacian never went beyond the initial EEO resolution process.

The Court declines to make a formal determination as to whether the appropriate administrative steps were followed in this case.  The parties raise a curious and perhaps even a novel issue in administrative law, but the Court finds that equity weighs heavily in favor of excusing administrative exhaustion under the circumstances.

---

[2] The "Order" subsection of the EEOC's decision further substantiates this view:

> The Agency shall acknowledge to the Complainant that it has received the remanded claims within thirty (30) calendar days of the date this decision becomes final.  The Agency shall issue to Complainant a copy of the investigative file within one hundred fifty (150) calendar days of the date this decision becomes final, unless the matter is otherwise resolved prior to that time.  If the Complainant requests a final decision without a hearing, the Agency shall issue a final decision within sixty (60) days of the receipt of the Complainant's request.

(ECF No. 28-3 at 8).  Notably, under the EEOC's regulations, the EEO must provide a copy of the investigative file *after* an EEO complaint has been filed.  Similarly, the complainant has the right to request a final decision from the agency *after* the EEO complaint has been filed.  The EEOC's order makes no mention of Kacian having to first file a complaint before these steps take place.

### B. Equity warrants an excusal of the exhaustion requirements

A plaintiff's failure to exhaust administrative remedies in Title VII actions does not affect the district court's subject matter jurisdiction to hear the claim. *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). A district court can therefore bypass the exhaustion requirements under certain limited circumstances, using equitable doctrines such as waiver, estoppel, tolling, or futility. *Id.*; *see also Bowen v. City of N.Y.*, 476 U.S. 467, 482 (1986); *Wilson v. MVM, Inc.*, 475 F.3d 166, 174 (3d Cir. 2007).

An instructive case is *Cacchione v. Erie Technological Products, Inc.*, in which a defendant moved for summary judgment after the plaintiff had not timely filed a formal discrimination complaint under Title VII. 526 F. Supp. 272, 274 (W.D. Pa. 1981). After determining that administrative confusion had "followed the case from its inception," *id.* at 274, the court denied summary judgment, in part on equitable grounds:

> Plaintiffs are not to be barred from a Title VII action due to possible error, neglect, or mishandling of a charge by the EEOC. Courts are to interpret the requirements for maintenance of a Title VII action in a non-technical fashion so as not to bar an individual's access to the court by procedural technicalities.

*Id.* at 275. The court emphasized that the plaintiff was diligent in pursing her claims and that she "did not sit on her rights and then belatedly file charges." *Id.*

Another informative case is *Carter v. Smith Food King*, 765 F.2d 916 (9th Cir. 1985), in which the Ninth Circuit found that a plaintiff may justifiably rely on an agency's representation of its own regulations. *Id.* at 923. In finding that the plaintiff had exhausted the administrative process under the California Fair Employment and Housing Act, the Ninth Circuit reasoned, in material part, that "[a] good faith recipient of a right-

to-sue letter may not be penalized for a procedural error made by the state agency." *Id.* at 924. Notably, the court considered its findings in "closely related" Title VII cases, stating:

> Although complainants are statutorily required to exhaust the EEOC's administrative remedies as a prerequisite to the maintenance of a Title VII action, we have emphasized that a claimant's right to pursue a civil action is not to be prejudiced by the EEOC's failure to properly process a grievance after it has been filed.

*Id.* (quotation marks and citations omitted).

Here, Defendant seeks summary judgment based on a procedural technicality, even though the EEOC issued a decision plainly stating that Kacian could file suit in federal district court within 90 days. (ECF No. 28-3 at 9). Regardless of whether the EEOC was correct in its interpretation, Kacian had no reason to doubt the EEOC's findings. *See Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 566 (1980) (stating that courts must afford "considerable respect" to an agency's interpretation of its own regulations). Moreover, when viewing the facts in the light most favorable to Kacian, the Court finds that it is reasonable to conclude that the EEOC's decision served as the equivalent of a right-to-sue letter. It would thus be inequitable to bar Kacian's Title VII action due to potential errors made by the EEOC. *Cacchione*, 526 F. Supp. at 274.

Further justifying an excusal of administrative exhaustion is the fact that Kacian has actively pursued her rights under Title VII. Notably, Kacian immediately raised her claims with an EEO counselor the day after the alleged act of retaliation occurred; she hired an attorney soon after she initiated the EEO administrative process; and she timely filed suit within the 90-day period stated in the EEOC's decision. These undisputed facts

show that Kacian has made consistent efforts both to abide by the administrative process and to preserve her claims.

Not only has Kacian acted diligently, but Defendant waited more than one year into this litigation to move for dismissal on administrative exhaustion grounds. Even further, Defendant waited until the close of discovery. At this point, it would be highly prejudicial to Kacian to dismiss her claims based solely on a procedural technicality that Defendant should have raised at the very beginning of the case. Given that Defendant has offered no legitimate justification for this delay, the Court finds this circumstance serves as further support for waiving the administrative exhaustion requirements.[3]

As a final matter, Defendant argues that Kacian should not be entitled to rely on the EEOC's written decision alone because the EEO office had sent Kacian a June 5, 2012 letter notifying her that she needed to file a complaint to continue the EEO administrative process. (ECF No. 34 at 4). By that time, however, Kacian had filed suit in district court and had no reason to file a formal complaint with the agency.

VI.  **Conclusion**

The Court has carefully considered all of the parties' arguments. To the extent any issue was not specifically addressed above, it is either moot or without merit. Although the Court makes no formal determination as to whether Kacian in fact exhausted the EEO

---

[3] The Court recognizes that, in responding to the complaint, Defendant raised administrative exhaustion as an affirmative defense. That does not change the fact that Defendant could have moved for dismissal long before the close of discovery. By doing so, and assuming that the Court agreed with Defendant that dismissal was warranted, both parties would have avoided the substantial time and expense of discovery.

complaint processing procedures, the Court finds that equity nevertheless warrants an excusal of the exhaustion requirements in this case. Kacian justifiably relied on the EEOC's written decision interpreting its own regulations, which plainly stated that Kacian could file suit directly in federal district court. As well, Kacian has diligently pursued her claims, and Defendant waited more than one year into this litigation—and after the close of discovery—to move for dismissal under an exhaustion theory. For these reasons, Defendant's motion for summary judgment will be denied.

    An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HILLARY A. KACIAN, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 3:12-102 |
| | ) | |
| v. | ) | JUDGE KIM R. GIBSON |
| | ) | |
| PATRICK R. DONAHOE, *in his Official Capacity as the Postmaster General of the United States Postal Service*, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

NOW, this **27th** day of March 2014, for the reasons stated in the accompanying memorandum opinion, it is **HEREBY ORDERED** that Defendant's motion for summary judgment (ECF No. 25) is **DENIED**.

It is **FURTHER ORDERED** that, in accordance with the scheduling order dated May 10, 2013 (ECF No. 24), the parties shall have 30 days from the date of this Order to submit any additional motions for summary judgment in this case.

BY THE COURT:

_Kim R. Gibson_
KIM R. GIBSON
UNITED STATES DISTRICT JUDGE