IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HILLARY A. KACIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 3:12-cv-102 |
| v. ) | |
| ) | JUDGE KIM R. GIBSON |
| MEGAN J. BRENNAN, ) | |
| Postmaster General, ) | *(Electronic Filing)* |
| U.S. Postal Service, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION IN LIMINE TO EXCLUDE CERTAIN
TESTIMONY OF WITNESS JOSEPH SAROSI**

**I.    INTRODUCTION**

Plaintiff has filed a witness list indicating that she intends on introducing the testimony of witness Joseph Sarosi.  *See* Plaintiff's Witness List (Dkt. No. 58).  Mr. Sarosi was Plaintiff's union representative during her meeting with Supervisor Jeffrey Hauser where Plaintiff complained of harassment.  For the reasons set forth below, the testimony of Mr. Sarosi should be limited to his observations and personal knowledge of this meeting.

**II.   THE TESTIMONY OF UNION REPRESENTATIVE JOSEPH SAROSI
        SHOULD BE LIMITED.**

On or about July 14, 2011, Union Representative Joseph Sarosi accompanied Plaintiff to a brief meeting with Supervisor Hauser after Plaintiff was upset over her workload and other matters at the post office.  During the meeting with Supervisor Hauser, Plaintiff testified that she made the following complaint:  "I'm tired of all this sexual harassment, given too much work that we can't do, being treated like dogs."  Plaintiff is utilizing this statement as the "protected activity" element of her retaliation claim.  Union Representative Sarosi attended this

meeting with Plaintiff and can offer testimony regarding his personal knowledge of the meeting. However, Plaintiff wants to impermissibly expand the scope of Mr. Sarosi's testimony. Specifically, Plaintiff has indicated that Mr. Sarosi will testify about the cases of other employees at the Johnstown Post Office, the various infractions committed by these employees, and his opinion that these employees were treated more favorably than Plaintiff.  *See* Dkt. No. 58 (Plaintiff's Witness List).  This evidence is improper lay opinion that amounts to mere speculation that will distract jurors from making an independent determination regarding whether Plaintiff was terminated by Supervisor LaRue and Postmaster Olsavsky in retaliation for engaging in protected activity.

Lay opinions are admissible only when they are:  "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  *Prescott v. R & L Transfer, Inc.,* 111 F. Supp. 3d 650, 658 (W.D. Pa. 2015) (J. Gibson) (quoting Fed. R. Evid. 701).  Simply stated, "Rule 701 permits a lay witness to offer an opinion on the basis of facts that the witness has perceived, provided that the opinion is well founded on personal knowledge and subject to cross-examination."  *Id.*  (citations omitted).

Here, the proposed testimony of Mr. Sarosi fails the requirements of Rule 701.  First, Plaintiff cannot demonstrate that Mr. Sarosi has "firsthand knowledge of the factual predicates that form the basis for [his] opinion."  *Prescott*, 111 F. Supp. 3d at 658 (quoting *V.I. v. Knight,* 989 F.2d 619, 629 (3d Cir. 1993).  Mr. Sarosi can only offer his speculative assumptions regarding the managerial decisions made in other cases involving carriers with safety infractions. As a union president, Mr. Sarosi would have no "firsthand knowledge" of the supervisor's deliberations in those cases, nor would he be privy to the rationale behind retaining or removing

postal employees with safety infractions.  As a result, the ultimate opinion that Plaintiff wishes to offer (*i.e.,* Mr. Sarosi's speculation that retaliation must have occurred in this case because management has previously retained other carriers with similar infractions) is not based on a sufficient factual predicate to support the opinion.

Second, Mr. Sarosi's speculative assumptions would not be helpful to the jury in deciding the core facts at issue in this case.  *See Hester v. BIC*, 225 F.3d 178, 185 (2d Cir. 2000) (holding that a "witness's opinion as to the defendant's [ultimate motivations] will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus."); *McNulty v. Citadel Broad. Co.,* 58 Fed. Appx. 556, 564 (3d Cir. 2003) (citing *Hester* and holding that lay-witness testimony is not necessary when it goes to the ultimate issue and distracts jurors from the task of drawing an independent conclusion).  "Indeed, 'seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness' and the witness turns into little more than an 'oath helper.'"  *Prescott*, 111 F. Supp. 3d at 659 (citation omitted).  Because Plaintiff cannot satisfy the lay-opinion requirements of Rule 701, this Court should not permit Mr. Sarosi to discuss the retention of other postal employees with driving infractions for the purpose of implying or explicitly stating the opinion that retaliation must have occurred in Plaintiff's case.

There are also alternative grounds for the exclusion of evidence regarding the cases of numerous other carriers at the post office.  In discrimination cases, the courts are required to conduct a fact-intensive, case-by-case inquiry to determine the relevance and probative value of introducing evidence of comparable employees.  *See Monaco v. Am. Gen. Assurance Co.,* 359 F.3d 296, 305 (3d Cir. 2004) ("This determination requires a court to undertake a fact-intensive

inquiry on a case-by-case basis rather than in a mechanistic and inflexible manner."). The comparables must be similarly situated in all relevant respects, thus mandating an inquiry that is detailed and extensive. *See Opsatnik v. Norfolk S. Corp.*, 335 Fed. Appx. 220, 222–23 (3d Cir. 2009) ("While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in 'all relevant respects.'") (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997)); *see also Johnson v. Kroger Co.,* 319 F.3d 858, 867 (6th Cir. 2003) ("In the context of personnel actions, the relevant factors for determining whether employees are similarly situated often include the employees' supervisors, the standards that the employees had to meet, and the employees' conduct.") (citation omitted). As Plaintiff herself admitted in the context of attempting to exclude evidence of transitional employees, such "proposed testimony clearly would require mini trials that would remove the jury from the relevant matters presented in this case. As such, to the extent that this evidence presents even minimal relevance, its presentation runs a significantly high risk of confusing the issues and misleading the jury." Dkt. No. 68 (Pl.'s Motion in Limine) at p. 3; *see also* Fed. R. Evid. 401, 403. This case should be about Plaintiff's retaliation case *only* and not the cases of every other employee in Johnstown (and beyond) that committed a safety infraction.

      Accordingly, Defendant respectfully requests that the Court exclude all testimony by Mr. Sarosi discussing the cases of other employees and the "types of infractions that led to discipline in the Johnstown office." Dkt. No. 58 at p. 1. Moreover, Mr. Sarosi should not be permitted to testify that Plaintiff and Mr. Hamonko were "the only transitional employees who had been terminated since he became president in 2009 . . . ." *Id.* Once again, this statement

would necessitate cross-examination and rebuttal regarding the exhaustive facts of these employees and numerous other employees and their driving-infraction cases.

                                              Respectfully submitted,

                                              SOO C. SONG
                                              Acting United States Attorney

                                              s/Paul D. Kovac
                                              PAUL D. KOVAC
                                              Assistant U.S. Attorney
                                              Western District of Pennsylvania
                                              Joseph F. Weis, Jr. U.S. Courthouse
                                              700 Grant Street, Suite 4000
                                              Pittsburgh, PA 15219

Dated:  February 21, 2017              (412) 894-7489

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Defendant's Motion in Limine and Brief to Exclude Certain Evidence of Witness Joseph Sarosi was electronically filed and/or mailed, postage-prepaid, this 21st day of February, 2017, to the following:

>Adam R. Gorzelsky, Esquire
>Williams Law Offices
>101 North Main Street, Suite 106
>Greensburg, PA 15601

>s/Paul D. Kovac
>PAUL D. KOVAC
>Assistant U.S. Attorney